**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

**ERIN JOHNSON,
JOCELYN KLEIN, and
LAURA SCIARCON, individually, and on behalf of all others similarly situated,**

      **Plaintiffs,**

**v.**

**COLORADO SEMINARY, a/k/a UNIVERSITY OF DENVER, d/b/a "Fisher Early Learning Center,"**

      **Defendant.**

---

**INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT**

---

Plaintiffs, Erin Johnson, Jocelyn Klein, and Laura Sciarcon, individually, and on behalf of all others similarly situated, by and through the undersigned counsel from the Sawaya & Miller Law Firm and Towards Justice, a Colorado non-profit legal services organization, as their Individual, Collective, and Class Action Complaint against Defendant, Colorado Seminary, which is also known as the University of Denver, (hereinafter "University of Denver"), doing business as "Fisher Early Learning Center," state as follows:

**I.      NATURE OF ACTION**

1.      Plaintiffs, Erin Johnson ("Johnson"), Jocelyn Klein ("Klein"), and Laura Sciarcon ("Sciarcon") (collectively, "Plaintiffs") allege that Defendant, Colorado Seminary/ the University of Denver, doing business as "Fisher Early Learning Center" ("FELC") willfully

1

violated their rights, and the rights of similarly-situated employees, under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), by failing to pay them overtime compensation for the hours they worked in excess of 40 per week.

2.      Plaintiffs' bring their FLSA claims individually and as a collective action under 29 U.S.C. § 216(b).

3.      Plaintiffs also allege that FELC violated their rights, and the rights of similarly-situated employees, under Article XVIII § 15 of the Colorado Constitution, the Colorado Wage Act, C.R.S. § 8-4-101 et seq., and Colorado's Minimum Wage Orders, 7 C.C.R. 1103-1 (collectively, "Colorado Wage and Hour Law"), by failing to pay them overtime compensation for the hours they worked in excess of 40 per week and/or 12 per day and failing to provide them with compensated 10-minute rest breaks for each 4 hours, or major fractions thereof, that they worked.

4.      Additionally, Plaintiffs allege claims for breach of contract and, in the alternative, promissory estoppel, under Colorado common law based on FELC's failure to pay them for all of their overtime hours.

5.      Plaintiffs bring their Colorado Wage and Hour Law claims, their breach of contract claims, and their promissory estoppel claims individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.      Plaintiffs bring this action to obtain equitable relief and money damages for themselves and a Class of consisting of nonexempt caregiver employees of FELC. They seek a declaratory judgment, actual damages, unpaid overtime compensation, liquidated

damages, statutory penalties, interest, and reimbursement for reasonable attorneys' fees and the costs of this action.

## II.      JURISDICTION AND VENUE

7.      This Court has original jurisdiction over Plaintiffs' FLSA claims because those claims arise under the laws of the United States. 28 U.S.C. § 1331; 29 U.S.C. § 216(b).

8.      The Court has supplemental jurisdiction over Plaintiffs' Colorado Wage and Hour Law claims, breach of contract claims, and promissory estoppel claims because those causes of action are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

9.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. 28 U.S.C. § 1391(b)(2).

## III.      PARTIES

10.     Plaintiff Erin Johnson ("Johnson") is a citizen of the United States of America who resides in Denver, Colorado.

11.     Plaintiff Jocelyn Klein ("Klein") is a citizen of the United States of America who resides in Arapahoe County, Colorado.

12.     Plaintiff Laura Sciarcon ("Sciarcon") is a citizen of the United States of America who resides in Arapahoe County, Colorado.

13.     The addresses of Plaintiffs' counsel are 1600 Ogden Street, Denver, Colorado 80218 and 1535 High Street, Suite 300, Denver, Colorado 80218.

14.     Defendant, the Colorado Seminary also known as University of Denver and doing business as "Fisher Early Learning Center" ("FELC' or "University of Denver") is a Colorado

nonprofit corporation with its principal office at 2199 South University Boulevard, Denver, Colorado 80208.

## IV.   FACTUAL ALLEGATIONS

### A. GENERAL ALLEGATIONS

15.     FELC is a daycare facility for infants, toddlers and small children that is located in Denver, Colorado.

16.     On information and belief, FELC's gross income, or the gross income of an enterprise of which FELC is a part, during each of the three years preceding this Complaint has been more than $500,000.00 per year.

17.     Plaintiffs are part of a class consisting of dozens of caregiver employees who worked for FELC and who were not paid overtime compensation for the hours they worked in excess of 40 per week and/or 12 per day and not provided with 10 minute rest breaks ("the Class").

### Erin Johnson

18.     Johnson worked at FELC from 2008-2009, and from June 2013 to October 2015.

19.     During her employment, Johnson was responsible for the care of children that were 1 ½ years old to 2 ½ years old.

20.     Johnson's primary duty was caring for these toddlers, *e.g.*, by handling behavioral problems, toilet training, assisting with meal times, changing diapers, and deep cleaning and sanitizing rooms and equipment.

21.     Throughout her employment, and during each workweek thereof, Johnson routinely worked more than 50 hours per week, and often worked as many as 65 hours per week.

22.     Johnson also worked more than 12 hours per day on a regular basis.

4

23.     Johnson usually worked through her lunch breaks in order to satisfy the expectations FELC communicated to its caregiver employees.

24.     Johnson also worked from home and on weekends to satisfy FELC's requirements.

25.     In short, Johnson worked overtime hours in excess of 40 per week during every, or almost every, workweek of her employment.

26.     For example, during every week from June 2014 to August 2015, Johnson worked a mandatory 20 hours per week, beyond the 40 hours per week that she worked with her children, to certify on the "Pyramid Plus" program for FELC.

27.     Johnson's participation in the program was requested by FELC and primarily for the benefit of FELC.

28.     FELC did not pay Johnson an overtime premium for the hours she worked in excess of 40 per week or 12 per day at any time from 2008 to December 2016.

29.     Additionally, during each week of her employment, FELC did not provide Johnson or the Class members with 10 minute rest periods for every 4 hours, or fractions thereof, that they worked.

**<u>Jocelyn Klein</u>**

30.     Klein was employed by FELC from June 2011 to July 2017.

31.     Klein was responsible for the care of children between the ages of 3 and 5.

32.     Klein's job duties were similar to those of Johnson.

33.     Klein often worked more than 40 hours per week during her employment – working during her lunch period, on the weekend, during evenings, early mornings, and during other personal time to fulfill duties for FELC.

34.     For example, Klein worked more than 40 hours per week during the weeks of May 23, 2016, May 30, 2016, and June 6, 2016.

35.     Klein also worked more than 12 hours per day during certain times of the year.

36.     FELC did not pay Klein overtime compensation for the hours she worked in excess of 40 per week or 12 per day at any time from June 2011 to December 2016.

37.     Like Johnson, Klein was not provided with rest breaks.

**Laura Sciarcon**

38.     Sciarcon is currently employed by FELC. She has worked at FELC since June 2010.

39.     Sciarcon has been employed by FELC as a full-time employee since April 29, 2013.

40.     Sciarcon currently cares for children between the ages of 2 ½ years old and 4 years old. Her primary duty is caring for the children, *e.g.*, assisting them with behavior management, toilet training, and meal times, cleaning and sanitizing rooms.

41.     Sciarcon worked more than 40 hours per week during each and every workweek from April 29, 2013 to December 2016.

42.     Sciarcon worked 50 hours or more per week during every, or almost every, week from June 2010 to December 2016. She worked through lunch, without breaks, and late into the evening to comply with FELC's requirements.

43.     FELC did not pay Sciarcon an overtime premium for the hours she worked in excess of 40 per week or 12 per day at any time from June 2010 to December 2016.

44.     Like Johnson and Klein, Sciarcon has not been provided with 10 minute rest periods during any week of her employment with FELC.

## **FELC's Failure to Pay Overtime**

45.     On November 23, 2016, the Vice Chancellor of the University of Denver, Amy King, sent an email to Klein, Sciarcon, and the members of their Class that were currently employed at FELC, explaining that they were "deemed non-exempt by the Department of Labor because [FELC] is licensed by the Department of Health and Human Services rather than the Department of Education."

46.     Having admitted that it had misclassified the members of the Class as "exempt," FELC promised to pay them for the overtime they had worked from June 2014 to November 2016.

47.     FELC did not offer to pay Plaintiffs and Class members for the overtime work they performed prior to June 2014.

48.     Because FELC did not keep adequate records of the overtime worked by the members of the Class prior to December 2016, FELC requested that the Class members provide it with information regarding their overtime hours.

## **FELC's Refusal to Compensate Plaintiffs**

49.     Johnson submitted documentation to FELC demonstrating that she had worked at least 1,718 hours of overtime during 2014 and 2015.

50.     Although Johnson had worked hundreds of overtime hours in 2008, 2013 and during the early months of 2014, she did not submit those hours to FELC because FELC told her that they would not pay for them.

51.     Instead of paying Johnson for all of the overtime hours she worked, FELC gave Johnson a check for approximately 400 hours of work.

52.     Klein submitted documentation to FELC demonstrating that she worked at least 1,850 hours of overtime from June 2014 to November 2016, the period that FELC said it would consider for payment (hereinafter the "Relevant Period").

53.     Although Klein worked hundreds of overtime hours during every year from 2011 to 2014, FELC did not offer to pay for those hours.

54.     Instead of paying her for all 1,850 of her overtime hours, FELC paid Klein for only 770 hours.

55.     Sciarcon submitted documentation to FELC demonstrating that she had worked at least 1,450 hours of overtime during the Relevant Period.

56.     Like Klein and Johnson, Sciarcon worked hundreds of overtime hours during every year of her employment, but did not submit all of those hours to FELC because FELC did not offer to pay for them.

57.     FELC did not pay Sciarcon for all of her overtime during the Relevant Period, instead issuing her a check for 777 hours.

58.     Plaintiffs are aware of many other Class members who were not paid for all of their overtime hours.

59.     In each instance, FELC issued a check to the Class member for an arbitrary, reduced amount.

60.     On information and belief, some Class members were not paid anything for their overtime hours.

61.     FELC has refused to explain to Plaintiffs why it reduced their overtime hours and paid them and similarly-situated employees for less than the number of hours they submitted.

62.     On information and belief, at least 30 – and likely as many as 50 – Class members have been affected by FELC's refusal to pay overtime in accordance with the law to its caregiver employees.

### Plaintiffs' Demands

63.     Observing that FELC had paid them the same, reduced amount despite the difference in their submitted hours, Klein and Sciarcon became concerned that FELC was not paying them and the Class members for the overtime hours they actually worked.

64.     For several months, Plaintiffs sent e-mails to FELC requesting an explanation for the amount that was paid, and seeking immediate payment of the amounts due to them.

65.     On August 10, 2017, Johnson sent a certified letter to FELC on behalf of herself and all of the members of the Class demanding immediate payment of the overtime compensation due to them and compensation for the rest breaks they were prevented from taking.

66.     FELC ignored Johnson's demand, thus continuing its refusal to pay Plaintiffs and the Class.

### B.   COLLECTIVE ALLEGATIONS

67.     Plaintiffs bring Count I of this Complaint under Section 216 of the FLSA, 29 U.S.C. §216(b), on behalf of themselves and the members of the following proposed Class:

> **All nonexempt employees who worked at the Fisher Early Learning Center as caregivers and who worked more than 40 hours per week during any work week.**

68.     These claims are properly brought as a Section 216 collective action because  Johnson, Klein and Sciarcon, and the members of the proposed Class are similarly situated:

> a.   The Class members were all employed by FELC;

b.  The Class members were all principally responsible for the care of small children, including providing direct care, behavioral management, providing meals, and cleaning rooms;

c.  The Class members were all subjected to the same policies and practices, namely: (1) FELC's misclassification of them as "exempt" from the overtime requirements of the FLSA; and (2) FELC's failure and/or refusal to pay them overtime compensation of one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 per week; and

d.  The Class members' claims, and any defenses thereto, may be established through common proof and representative evidence.

69.  The pooling of resources will lower the burden on individual Class members asserting their rights under the FLSA. Moreover, it is both procedurally feasible and most fair to both parties to adjudicate this action collectively.

70.  Plaintiffs have consented to be members of this collective action and their Consents to Join are attached hereto as Exhibits 1-3.

### C.  CLASS ALLEGATIONS

71.  Plaintiffs bring Counts II-V of this Complaint as class claims pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the members of the following proposed Class:

> **All nonexempt employees who worked at the Fisher Early Learning Center as caregivers and who worked more than 40 hours per week during any week and/or more than 12 hours in any day and/or were not provided with paid rest breaks.**[1]

---

[1] Plaintiffs note that the question of what statute of limitations applies to Colorado Wage Act claims is currently before the Colorado Supreme Court in the case of *Hernandez v. Ray Domenico Farms, Inc. See* Civil Action No. 16–cv–1929–WJM–CBS (D. Colo. April 4, 2017)

72.     Plaintiffs' claims are properly brought as a class action under Rule 23 because the proposed Class satisfies the Rule's requirements for numerosity, commonality, typicality, and adequacy, as set forth below.

### Numerosity

73.     FELC employs dozens of nonexempt caregiver employees at any given time.   On information and belief, there are at least 30 – and may be as many as 50 – FELC employees and/or former employees that are similarly situated to Plaintiffs. As such, joinder of all Class members is entirely impracticable.

### Commonality

74.     There are questions of law and fact that are common to the Class, which questions predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

(1) Whether FELC improperly classified Class members as "exempt" from the overtime requirements of Colorado Wage and Hour Law;

(2) Whether FELC had a policy or practice of not paying the Class members one and one-half times their regular rate of pay for all hours worked in excess of 40 per week;

(3) Whether FELC had a policy or practice of not paying the Class members one and one-half times their regular rate of pay for all hours worked in excess of 12 per day;

---

(certifying question to Colorado Supreme Court). Plaintiffs may seek to amend their complaint based on the disposition of that case.

(4) Whether FELC failed to provide the Class members with compensated 10 minute rest periods for all 4 hour periods, or major fractions thereof, that they worked;

(5) Whether FELC violated Colorado Wage and Hour Law by failing to pay Class members for all of the hours they worked in excess of 40 per week and/or 12 per day and by failing to provide Class members with paid rest periods;

(6) Whether FELC's violations of Colorado Wage and Hour law were willful;

(7) Whether FELC committed breach of contract by failing to pay Class members for the overtime hours they worked from June 2014 to November 2016, and if not, whether Class members are nevertheless entitled to compensation for all of their overtime hours under the equitable doctrine of promissory estoppel; and

(8) Whether the Class members were harmed by FELC's refusal to pay them overtime compensation and provide them with paid rest periods.

## Typicality

75.     The claims of Plaintiffs are typical of the claims of the Class. Like all of the Class members, Plaintiffs were employed by FELC and were not paid for all of their overtime hours or provided with paid rest breaks. Moreover, the defenses and legal theories FELC will assert in response to such claims are likely to be the same as to all Class members.

## Adequacy

76.     Plaintiffs will fairly and adequately protect the interests of the Class. They have retained the Sawaya & Miller Law Firm and Towards Justice, counsel that is experienced in class action

litigation and wage and hour law. Plaintiffs and their counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class, and have adequate resources to assure that the interests of the Class will not be harmed.

77.     Additionally, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for FELC, or adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interest.

78.     FELC has acted or refused to act on grounds generally applicable to the Class and as such, final injunctive or declaratory relief with respect to the Class as a whole is appropriate.

79.     No member of the Class has expressed any interest in controlling the prosecution of a separate action. On information and belief, no other litigation concerning the subject matter of this action has been commenced by any member of the Class.

## V.      INDIVIDUAL AND COLLECTIVE CLAIMS

### COUNT I:

#### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

#### 29 U.S.C. § 207

80.     Plaintiffs incorporate the facts alleged in each of the foregoing paragraphs as if fully set forth below.

81.     At all times relevant to this Complaint, FELC was an "employer," and an "enterprise engaged in commerce," as defined by the FLSA. 29 U.S.C. § 203(d), (s).

82.     At all times relevant to this Complaint, Plaintiffs and Class members were "employees" engaged in commerce and entitled to the overtime protections of the FLSA. 29 U.S.C. § 203(e); 207(a)(1).

83.     At all times relevant to this Complaint, FELC was required to pay Plaintiffs and Class members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(2).

84.     Plaintiffs and Class members regularly worked more than 40 hours per week.

85.     FELC failed to pay Plaintiffs and Class members at a rate of one and one-half times their regular rates of pay for all of the hours they worked in excess of 40 per week, thus violating the FLSA.

86.     At all times relevant to this Complaint, FELC was aware of the requirements of the FLSA, and as such, FELC's violations of the FLSA were willful.

## VI.     INDIVIDUAL AND CLASS CLAIMS

### COUNT II:

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF COLORADO WAGE AND HOUR LAW**

**Colo. Const. art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.R.S. § 1103-1:4**

87.     Plaintiffs incorporate the facts alleged in each of the foregoing paragraphs as if fully set forth below.

88.     At all times relevant to this Complaint, FELC was an "employer," as defined by Colorado Wage and Hour Law. C.R.S. 8-4-101(6); 7 C.C.R. § 1103-1:2.

89.     At all times relevant to this Complaint, Plaintiffs and the Class were "employees" covered by Colorado Wage and Hour Law. C.R.S. 8-4-101(5); 7 C.C.R. § 1103-1:2.

90.     Colorado Wage and Hour Law required FELC to pay Plaintiffs and Class members overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 per week or 12 per day. 7 C.C.R. § 1103-1:4.

91.     Plaintiffs and Class members regularly worked more than 40 hours per week and/or 12 hours per day.

92.     FELC violated Colorado Wage and Hour Law by failing to pay Plaintiffs and Class members overtime compensation for all of the hours they worked in excess of 40 per week and/or 12 per day.

93.     At all times relevant to this Complaint, FELC was aware of the overtime requirements of Colorado Wage and Hour Law. FELC's violations were therefore willful.

94.     Pursuant to C.R.S. § 8-4-109, Johnson submitted a demand for overtime compensation to FELC on behalf of herself and all of the members of the Class on August 10, 2017.

95.     FELC refused to pay anything in response to Johnson's demand.

### COUNT III:

**FAILURE TO PROVIDE PAID REST BREAKS IN VIOLATION OF
COLORADO WAGE AND HOUR LAW**

**Colo. Const. art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.C.R. § 1103-1:8**

96.     Plaintiffs incorporate the facts alleged in each of the foregoing paragraphs as if fully set forth below.

97.     Under Colorado Wage and Hour Law, FELC was required to provide Plaintiffs and Class members with "compensated ten (10) minute rest period[s] for each four (4) hours or major fractions thereof" that they worked. 7 C.C.R. § 1103-1:8.

98.     FELC failed to provide, and still fails to provide, Plaintiffs and Class members with paid 10 minute rest periods, as required by Colorado Wage and Hour Law.

99.     At all times relevant to this Complaint, FELC was aware of the rest period requirements of Colorado Wage and Hour Law, and as such, FELC's violations of Colorado Wage and Hour Law were willful.

100.    On August 10, 2017, Johnson submitted a demand to FELC regarding FELC's failure to provide her and the Class members with paid rest periods.

101.    FELC did not pay anything in response to Johnson's demand.

## COUNT IV:

### BREACH OF CONTRACT

102.    Plaintiffs incorporate the facts alleged in each of the foregoing paragraphs as if fully set forth below.

103.    In November 2016, FELC admitted to Plaintiffs and Class members that it owed them overtime compensation.

104.    FELC promised and agreed to pay Plaintiffs and Class members the overtime compensation due to them for the hours they worked in excess of 40 per week or 12 per day from June 2014 to November 2016.

105.    In reliance on that promise, Plaintiffs and Class members provided FELC with information regarding the overtime hours they worked and postponed attempts to collect unpaid overtime through other means, including litigation.

106.    FELC breached its agreement with Plaintiffs and Class members by failing to pay them for all of the overtime hours they worked.

107.    Plaintiffs and Class members have been harmed by FELC's breach of their agreement.

### COUNT V:

### PROMISSORY ESTOPPEL

108.    Plaintiffs incorporate the facts alleged in each of the foregoing paragraphs as if fully set forth below.

109.    FELC promised and agreed to pay Plaintiffs and Class members the overtime compensation due to them for the hours they worked in excess of 40 per week or 12 per day from June 2014 to November 2016.

110.    FELC knew, or should have known, that Plaintiffs and Class members would rely on its promise by preparing and submitting information regarding their overtime hours to FELC, and by postponing all other efforts to obtain the compensation due to them.

111.    In reliance on that promise, Plaintiffs and Class members provided FELC with information regarding the overtime hours they worked and postponed attempts to collect unpaid overtime through other means, including litigation.

112.    Plaintiffs and Class members were harmed based on their reasonable reliance on FELC's representations when FELC broke its promises and refused to pay them for all of the overtime hours they worked.

113.    FELC's promises must be enforced to address the injustice Plaintiffs and Class members have experienced, and to prevent further injustice.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully asks the Court to find in their favor and to award Plaintiffs and Class members:

A.  An Order granting conditional and final certification to the Class and appointing Plaintiff and their counsel as class representatives and representation;

B.  An Order declaring that the practices alleged herein violate the FLSA, Colorado Wage and Hour Law, the Colorado Constitution, and Colorado common law, and permanently enjoining Defendant from continuing such unlawful practices;

C.  Unpaid overtime compensation for all of the hours Plaintiffs and Class members worked in excess of 40 per week and/or 12 hours per day;

D.  Liquidated damages in an amount equal to the overtime compensation awarded;

E.  Statutory penalties under C.R.S. § 8-4-109;

F.  Plaintiffs' reasonable attorney's fees and costs; and

G.  All other and further relief as the Court may find to be equitable and just.

Respectfully submitted,

*/s/ Adam M. Harrison*
_____

David H. Miller
Adam M. Harrison
SAWAYA & MILLER
1600 Ogden Street
Denver, Colorado 80218
Telephone: 303.839.1650
E-mail: dmiller@sawayalaw.com
aharrison@sawayalaw.com

Alexander Hood
Attorney and Director of Litigation
Towards Justice
1535 High Street, Suite 300
Denver, Colorado 80218
Telephone: 720.239.2606
E-mail: alex@towardsjustice.org

*Counsel for the Plaintiffs Erin Johnson,
Jocelyn Klein, and Laura Sciarcon,
individually and on behalf of all others
similarly situated*