IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-02074-RM-KMT

ERIN JOHNSON,
JOCELYN KLEIN,
SARAH FLANSBURG,
SUSAN TATE,
LINDY GUNN,
LAURA SCIARCON, and
ERICA BERRINGER,

      Plaintiffs,

v.

COLORADO SEMINARY, a/k/a UNIVERSITY OF DENVER, d/b/a "Fisher Early Learning Center,"

      Defendant.

## PLAINTIFFS' MOTION TO DISMISS STATE CLAIMS WITHOUT PREJUDICE

Plaintiffs Erin Johnson, Jocelyn Klein, Sarah Flansburg, Susan Tate, Lindy Gunn, and Erica Beringer ("Plaintiffs"),[1] through their undersigned counsel and pursuant to Fed. R. Civ. P. 41, hereby move the Court to dismiss their Colorado state law claims, Counts II, III, IV, and V of the Complaint, without prejudice, and state as follows:

### COMPLIANCE WITH D.C.COLO.CivR 7.1(a)

The undersigned counsel for the Plaintiffs certify that in accordance with D.C.COLO.CivR 7.1(a), they conferred with counsel for the Defendant, Colorado

---

[1] Plaintiff Laura Sciarcon does not join in this Motion, as her Colorado state claims are not before this Court. *See* ECF No. 11 (dismissing claims without prejudice).

1

Seminary, also known as University of Denver, doing business as "Fisher Early Learning Center" ("FELC") via e-mail and telephone prior to filing this Motion. The Plaintiffs' counsel understands that FELC's counsel is still working to determine what position FELC will take in response to this Motion. As such, the Plaintiffs do not currently know whether FELC will oppose the relief sought in this Motion.

## BACKGROUND

On August 29, 2017, Erin Johnson ("Johnson"), Jocelyn Klein ("Klein"), and Laura Sciarcon ("Sciarcon") filed this action asserting claims: (1) for overtime compensation for hours worked over 40 per week and liquidated damages under the FLSA ("FLSA Claims"); and (2) for overtime compensation (including for hours worked over 12 per day), failure to provide rest periods in violation of 7 C.C.R. 1103-1:8, statutory damages and penalties under the Colorado Wage Act, C.R.S. § 8-4-109, breach of contract, and promissory estoppel under Colorado law ("State Claims"). ECF No. 1.

On September 11, 2017, the Honorable Judge Maria S. Krieger entered a Minute Order bifurcating this case and staying the State Claims "until the FLSA claims have been tried to completion or otherwise resolved." ECF No. 8 ("Bifurcation Order"). Because of the Bifurcation Order, the Plaintiffs have been unable to obtain discovery regarding their State Claims or to otherwise litigate those Claims for more than two years.

On October 11, 2017, Sciarcon voluntarily dismissed all of the claims she had asserted in this action and filed her State Claims in the Colorado District Court for the City and County of Denver ("State Court"). *See* ECF No. 11. That action was stayed by the State Court pending the resolution of the Plaintiffs' claims in this action. Sciarcon re-

joined the FLSA portion of this action on April 20, 2019, but her State Claims are still pending in the State Court.

In the Court's September 11, 2019 Opinion and Order Granting in Part and Denying in Part Motions for Summary Judgment, the Court dismissed as moot the FLSA claims of Sciarcon, Sarah Flansburg, Susan Tate, Lindy Gunn, and Erica Beringer based on a "fluctuating workweek" calculation found in 29 C.F.R. § 778.114 – a regulation that is not part of Colorado law. ECF No. 84 at 9-14. The only claims that remain to be tried at the trial scheduled for June 15, 2020 are the individual FLSA Claims of Johnson and Klein. *See* ECF No. 84, 90, and 91.

## DISCUSSION

Under Rule 41 of the Federal Rules of Civil Procedure, the Court may dismiss a plaintiff's claims after an answer has been filed "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Tenth Circuit Court of Appeals has held that "absent legal prejudice to the defendant, the district court normally should grant" a motion to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2). *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) (citing *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997)).

Twenty-eight months have passed since this Court bifurcated this case and stayed the Plaintiffs' State Claims. ECF No. 8. Because of the Bifurcation Order, the Plaintiffs have not been able to obtain discovery related to their State Claims, including: (a) the overtime the Plaintiffs and the putative class members worked over 12 hours per day during the period relevant to their State Claims; (b) FELC's policies and practices regarding 10-minute rest periods required by 7 C.C.R. § 1103-1:8; (c) whether rest periods were provided to the Plaintiffs and the putative class members; (d) whether FELC

3

committed breach of contract under Colorado common law by failing to pay the Plaintiffs and the class members what it promised to pay them; and (e) whether FELC is subject to promissory estoppel under Colorado common law. *See* ECF No. 1 at 14-18. Nor have the Plaintiffs been able to obtain the discovery necessary to file a motion for class certification under Rule 23 of the Colorado Rules of Civil Procedure, which under the Rules must occur "[a]s soon as practicable after the commencement of an action brought as a class action." C.R.C.P. 23(c)(1).

The Plaintiffs wish to dismiss their State Claims from this action without prejudice, and to allow Sciarcon to proceed with the action she filed in State Court, so that the Plaintiffs do not have to wait another six months or more to proceed with those State Claims. As explained in the contemporaneously-filed Motion to Lift Stay of Class Action, the Tenth Circuit Court of Appeals has repeatedly held that a district court should not exercise jurisdiction over state law claims after it has resolved the federal claims before it. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010) ("pendent jurisdiction over state claims 'is exercised on a discretionary basis'… '[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims"). As such, it will eventually be necessary for this Court to dismiss the Plaintiffs' State Claims and permit those Claims to be decided by the State Court. After more than two years of delay and in light of the prejudice the Plaintiffs have already experienced in litigating their

4

State Claims, the Plaintiffs maintain that the Court should grant this motion now, instead of waiting until it has no reason to exercise jurisdiction over those claims after the trial on June 15, 2020.

There are no counterclaims in this action, and neither FELC nor any other entity or person will be prejudiced by the dismissal. *See* Fed. R. Civ. P. 41.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully ask the Court to dismiss Counts II, III, IV, and V of the Complaint without prejudice.

Respectfully submitted,

*/s/ Adam M. Harrison*

_____
David H. Miller
Adam M. Harrison
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Telephone: 303.551.7691
Facsimile: 303.832.7102
dhmiller@sawayalaw.com
aharrison@sawayalaw.com

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on this 6th day of January, 2020, I filed the foregoing Motion through the CM/ECF system, which automatically generated a copy of this document to all counsel of record.

*/s/ Adam M. Harrison*

_____
Adam M. Harrison