**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:17-cv-02074-RM-KMT

ERIN JOHNSON, and
JOCELYN KLEIN,

      Plaintiffs,

v.

COLORADO SEMINARY a/k/a University of Denver d/b/a Fisher Early Learning Center,

      Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' motion for reconsideration (ECF No. 96), requesting that the Court make a legal determination as to whether Defendant is an "educational establishment" under 29 C.F.R. § 541.204(b). In its Opinion and Order Granting in Part and Denying in Part Motions for Summary Judgment (ECF No. 84), the Court determined that it did not need to reach this issue in order to rule on either motion for summary judgment. Plaintiffs apparently concede as much, for they expressly state that they are not asking the Court to reverse its prior decision; rather, they are "simply request[ing] that the Court revisit and decide the second prong of the FLSA exemption." (ECF No. 96 at 5.) For the reasons stated herein, the Court declines to do so.

In its motion for summary judgment, Defendant argued that it was not liable on Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") because Plaintiffs fell within the professional exemption for teachers. That exemption applies where (1) an employee's primary

duty involves imparting knowledge, and (2) the employer is an educational establishment. *See Fernandez v. Zoni Language Centers, Inc.*, 858 F.3d 45, 49 (2d Cir. 2017). The Court concluded there were genuine issues of material fact as to the first requirement, which precluded granting summary judgment in Defendant's favor. It also concluded that genuine issues about Plaintiffs' primary duties precluded granting summary judgment in their favor.

Although Plaintiffs prevailed with respect to Defendant's motion for summary judgment, they now argue that a ruling on whether the second requirement is satisfied would "likely eliminate the need for a trial, or at least simplify the matters to be tried." (ECF No. 96 at 8.) However, the Court's role at the summary judgment stage is to determine whether a movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Tangential benefits to summary judgment rulings often include eliminating the need for a trial or simplifying the matters to be tried, but it is not the Court's role to decide legal or factual issues that are not necessary to resolve the motions before it simply because doing so might be convenient to the parties at some point down the road.

Although Plaintiffs moved for summary judgment on the issue of Defendant's FLSA liability, they did not argue there is no genuine issue as to whether Defendant qualifies as an educational establishment or seek a legal determination as to Defendant's affirmative defense that Plaintiffs fall within the professional exemption of the FLSA. Although Plaintiffs and Defendant debated whether Defendant was an educational establishment in the context of briefing Defendant's motion for summary judgment, that does not render the issue "fully briefed." (ECF No. 96 at 9.) For purposes of Defendant's motion, the Court was obligated to view the evidence in the light most favorable to Plaintiffs. Moreover, even if "the laws in

question are better interpreted by the Court" (*id.*), as Plaintiffs contend, that is not a proper basis

for the Court to issue a ruling on this issue at this stage of the case.

Accordingly, the Court DENIES Plaintiffs' motion for reconsideration (ECF No. 96.)

DATED this 20th day of April, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge